# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-446V
(not to be published)

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | Chief Special Master Corcoran |
| A.F., | \* | |
| | \* | Filed: January 23, 2023 |
| Petitioner, | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Edward Kraus,* Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Mitchell Jones,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On March 26, 2019, A.F. filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) Petitioner alleged that she suffered from Postural Orthostatic Tachycardia Syndrome ("POTS") as a result of her receipt of a Gardasil vaccination administered on December 30, 2017. However, in October 2022 I denied entitlement via a ruling on the record (ECF No. 49), and Petitioner did not seek review of that decision.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs (the only fees request made in the life of the matter). Motion, dated January 3, 2023 (ECF No. 55) ("Final Fees Mot."). Petitioner requests a total of $97,785.15, reflecting $70,726.40 in fees incurred for the services of Edward Kraus, Amy Kraus, Brynna Gang, and paralegals, and $27,058.75 in costs, from the time of the claim's initiation to the present date. Final Fees Mot. at 1. Respondent reacted to the final fees request on January 5, 2023. Response, dated January 5, 2023 (ECF No. 56) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $97,785.15.

## ANALYSIS

**I.  Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

"lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner was ultimately unsuccessful, I find there was sufficient objective basis for the claim to justify a fees and costs award. Petitioner offered objective support of her claim from the medical records, medical literature, and expert medical opinions, which reveal that Petitioner suffered from injuries akin to what is alleged in the post-vaccination timeframe. She also offered qualified expert support for her theory. And despite the fact that I have increasingly taken a dim view of claims alleging that the HPV vaccine can cause autoimmune-oriented injuries like POTS, this case was filed before my determination about the strength of such a claim generally was as firm. Although I would look far more skeptically at such a claim *if filed hereafter* (and hope present counsel will avoid similar claims in the future), my view about the merits of claims involving HPV vaccine and POTS only came more clearly into view while this matter was pending. Accordingly (and because I have identified no other grounds for denying fees), a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| **Attorney** | **2018** | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|---|
| **Mr. Edward Kraus** | $409.00 | $418.00 | $435.00 | $458.00 | $472.00 |
| **Ms. Amy Kraus** | $327.00 | $334.00 | $365.00 | -- | $414.00 |
| **Ms. Bryanna Gang** | -- | -- | $300.00 | $325.00 | $350.00 |
| **Paralegal** | $145.00 | $145.00 | $160.00 | $170.00 | $170.00 |

Final Fees Mot. at 5–20.

Mr. Kraus, Ms. Kraus, and Ms. Gang practice in Chicago, IL—a jurisdiction that has been deemed "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch*. *See Zalewski v. Sec'y of Health & Hum. Servs.*, No. 19-918V, slip op. at 2 (Fed. Cl. Spec. Mstr. August 27, 2021); *Vinson v. Sec'y of Health & Hum. Servs.*, No. 20-1134V (Fed. Cl. Spec. Mastr. September 9, 2022). The requested rates are also in general accordance with the Office of Special Masters' fee schedule, and as here, in instances where counsel performed the work of their paralegal, the rates billed reflect what OSM deems appropriate for paralegals.[5] *Fulling v. Sec'y of Health & Hum. Servs.*, No. 18-1549V, slip op. at 3 (Fed. Cl. Spec. Mstr. July 11, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable. I will therefore award all fees requested without adjustment.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited January 23, 2023).

Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $27,058.75 in outstanding costs, including the filing fee, postage, shipping, medical record retrieval costs, hotel and mileage costs, and costs associated with the work of two experts—Mitchell Miglis, M.D., and Sohail Ahmed, M.D. Final Fees Mot. at 31–32. Dr. Miglis reviewed Petitioner's medical records and relevant medical literature and authored three expert reports supporting the claim that the HPV vaccine caused Petitioner's injuries. He submitted an invoice for a total of $9,750.00 (at an hourly rate of $500.00 for 19.5 hours of work). *Id*. at 46–47, 55–58, 65–66, 69–72. The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions. Dr. Ahmed also reviewed Petitioner's medical records and relevant medical literature, and authored two expert reports in support of Petitioner's claim. He submitted an invoice for a total of $15,615.00 (at an hourly rate of $500.00 for 31.23 hours of work). *Id*. at 53–54, 59–64, 67–68. The total amount for his services was similarly reasonable for the work performed, and thus I do not find any reason to make any reductions. In addition, the other costs sought are typical in the Vaccine Program and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of fees in Vaccine Program cases, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of $97,785.15, reflecting $70.726.40 in attorney's fees, and $27,058.75 in costs, in the form of a check made payable to Petitioner and her attorney Mr. Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.